RICE & CO. v. PIKE

Ohio Appeals, 9th Dist., Summit Co.

No. 1149½. Decided Nov. 15, 1926

1247. WAIVER—1. A written waiver of service of summons in one court under C. C. Sec. 12260, may not be changed to a waiver of such process in another court without the consent of the party waiving.

2. The mere fact that the party obtaining such waiver, to the knowledge of the party signing the waiver, intended such waiver to apply to and be used in such other court (there being no other elements of estoppel), does not justify a finding of consent to such change.

WASHBURN, J.

A judgment was rendered against E. L. Rice & Co. in the Summit Common Pleas and a petition in error entitled "In the Court of Common Pleas" was prepared which had the following waiver in the bottom thereof:—"Defendant in error hereby waives the issuance and service of summons in error in the above entitled case and hereby enters his appearance herein."

Attorney for defendant in error signed said waiver at said time attorney for plaintiff in error spoke of taking the case to the Court of Appeals. The Rice Co.'s attorney filed said petition in error in the Common Pleas Court where it was docketed; but later in discovering his mistake, he withdrew said petition without permission being given by the court and struck out "In the Court of Common Pleas" and inserted "In the Court of Appeals" and same was filed in the Court of Appeals. No summons was issued thereon and attorney for Pike had no knowledge that same was filed in the Court of Appeals until after expiration of the time within which a petition in error could be filed. A motion was filed to dismiss the petition in error for the reason that there was no summons in error or waiver of the same.

The Court of Appeals held:

1. There is no basis for a claim that defendant in error entered his appearance by the filing of any pleading or by any proceeding taken by him in this court; and that the only waiver that can be claimed is based upon the signing of the petition in error under the circumstances indicated.

2. A waiver of summons before the petition in error is filed as is claimed in this case, must be in writing and therefore in the absence of facts creating an estoppel, if attorney for Pike had signed no writing, there would have been no waiver.

3. Sec. 11304 GC. provides that every pleading must contain the name of the court in which the action is brought; and Pike entered the same as if he had been summoned therein. his appearance in the Court of Common Pleas

4. The waiver having been used to effect the appearance of the defendant in error in the Common Pleas Court, according to the purpose expressed therein, could not thereafter, without the consent of the party waiving, be used to effect a purpose not therein expressed.

5. The petition in error, when presented to the attorney for defendant in error, was not a petition in error in the Court of Appeals, and could not thereafter be changed to a petition in the Court of Appeals without the consent of the attorney signing the same, even though the attorney for defendant in error did not notice at the time of signing that it was entitled "in the Common Pleas Court."

6. nI absence of any element of estoppel, Pike could have revoked his waiver at any time before same filed was in court, and if the written waiver signed by him was changed in any way, he was entitled to be consulted in reference thereto.

7. While these changes were made in the utmost good faith, and at a time when there was ample time in which to bring the action in the Court of Appeals, and therefore no harm done or advantage taken of any party, the records of the court should speak the truth and changes therein should only be made upon the order of the court authorizing the same.

Motion granted and petition in error dismissed.

(Pardee, PJ., & Funk, J., concur.)

Attorneys—Irwin D. Allen for the motion; Burch, Bacon, Denlinger & Seikel, contra; all of Akron.